# IN THE UNTIED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy Case No.: 20-22974-CMB |
| | : | |
| ED'S BEANS, INC. D/B/A | : | |
| CRAZY MOCHA COFFEE AND | : | |
| KIVA HAN COFFEE | : | |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |
| ED'S BEANS, INC. D/B/A | : | Docket No. |
| CRAZY MOCHA COFFEE AND | : | |
| KIVA HAN COFFEE | : | |
| Movant, | : | Hearing Date: |
| | : | |
| v. | : | |
| | : | Response Date |
| PSE&G, WEST PENN POWER, | : | |
| SEWICKLEY WATER AUTHORITY, | : | |
| OLYMPIC II MALL SERVICES, AT&T | : | |
| MOBILITY, COLUMBIA GAS, | : | |
| COMCAST BUSINESS, | : | |
| CONSOLIDATED | : | |
| COMMUNICATIONS, DUQUESNE | : | |
| LIGHT COMPANY, JOSEPH J. | : | |
| BRUNNER, INC., PENN POWER, | : | |
| PEOPLE'S GAS, VERIZON, VOGEL | : | |
| DISPOSAL SERVICE | : | |
| Respondents. | : | |

**INTERIM ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) GRANTING RELATED RELIEF**

AND NOW this _____ day of _____, 2020, upon consideration of the Emergency Motion for Entry of Interim and Final Orders: (i) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (ii) Determining Adequate Assurance of Payment for Future Utility Services, and (iii) Granting Related Relief (the "**Utility Motion**") and the Court having jurisdiction to consider the Utility Motion and the relief requested therein

1

pursuant to 28 U.S.C. §§ 157 and 1334, and it appearing under the circumstances, that adequate and sufficient notice of the Utility Motion having been given, and that no further notice need be given, and it appearing that the relief requested in the Utility Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Rule 6003, and is in the best interest of the Debtor, the estate, the creditors and parties in interest; and after a hearing before the Court and upon due deliberation and due cause appearing therefore, it is hereby ORDERED ADJUDGED and DECREED, that:

(1) The Utility Motion is GRANTED on an Interim Basis.

(2) The final hearing on the Utility Motion shall be held on _____, 2020 at ____:____ (AM/PM) prevailing Eastern Time. Any objections or responses to the final approval of the Utility Motion shall be filed on or before _____ and served on: (a) the Debtor, (b) proposed Counsel to the Debtor, (c) the United States Trustee, (d) the Subchapter V Trustee; (e) counsel to First Commonwealth Bank and American Express Bank, (f) parties requesting service pursuant to Rule 2002, and (g) as required by any Order directing service in this matter (collectively the "**Notice Parties**"). In the event that no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for Final Hearing.

(3) The following Adequate Assurance Procedures are hereby approved on an interim basis:

> a. Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on (i) the Debtor, (ii) proposed counsel to the Debtor, (iii) United States Trustee, (iv) the Subchapter V Trustee; (v) counsel to First Commonwealth Bank and American Express Bank, (vi) parties requesting service in this matter pursuant to Bankruptcy Rule 2002, and (vii) as required by any order directing service in this matter (the "**Notice Parties**").

2

    b. Any Additional Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include information regarding any security deposits paid by the Debtor; (iv) provide evidence that the Debtor has a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient for adequate assurance of future payment.

    c. An Additional Assurance Request may be made at any time. If a Utility Provider fails to file and serve an Additional Assurance Request, the Utility Provider shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance Request.

    d. Upon the Debtor's receipt of an Adequate Assurance Request, the Debtor shall have 21 days (the "**Resolution Period**") to negotiate with the Utility Provider to resolve the utility Provider's Adequate Assurance Request. Without further order of the Bankruptcy Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider if the Debtor determines that the Additional Assurance Request is reasonable.

    e. If the Debtor determines, in its discretion, that the Additional Assurance Request is not reasonable and the Debtor is unable to reach an alternate resolution with the Utility Provider, the Debtor, may request a hearing (a "**Determination Hearing**") before the Bankruptcy Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

    f. Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider will be prohibited from altering, refusing, or discontinuing service to the Debtor on account of: (i) unpaid charges for prepetition services;(ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

(4)    The Utility Providers are prohibited from requiring additional adequate assurance of payment other than as provided in the Adequate Assurance Procedures.

(5)     The Debtor shall cause a copy of this Interim Order to be served on any subsequently identified Utility Provider and any such Utility Provider shall be bound by the Adequate Assurance Procedures.

(6)     Nothing in the Utility Motion or this Order shall be deemed to authorize the Debtor to accelerate any payments not otherwise due prior to the date of the hearing to consider the entry of an Order granting the relief sought in the Utility Motion on a final basis.

(7)     Nothing in the Utility Motion or this Order, nor any payment made pursuant to the authority granted in this Order is intended to be or shall be construed as: (a) an admission as to the validity of a claim against the Debtor; (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis of, validity of any claim against the debtor, (c) a waiver of any claim or cause of action which may exist against a creditor or interest holder, (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

(8)     Notwithstanding the entry of this Order, nothing herein shall create, nor is intended to create any rights in favor of or enhance that status of any claim held by any party.

(9)     The Requirements of Rule 6003(b) have been satisfied.

(10)    Under the circumstances of Bankruptcy Case, the Notice of the Utility Motion under Rule 6004(a) is adequate.

(11)    The terms and conditions of this Order are immediately effective and enforceable upon its entry.

(12)    The Debtor is authorized to take all action necessary to the relief granted in this Order.

(13)    The Court shall retain jurisdiction with respect to all matters arising or related to the interpretation and implementation of this Order.

_____
J.
United States Bankruptcy Court